SAMUEL N. EWING v. CITY OF MINNEAPOLIS and Another.[1]

April 25, 1902.

Nos. 12,815—(5).

### Decision Sustained by Findings.

*Held*, certain findings of fact sustained by the evidence, and the con-
clusion of law justified by the facts.

Action in the district court for Hennepin county to recover
$10,000 damages for alleged wrongful interference by defendants
with plaintiff's use of a dock and wharf on the shore of Lake
Calhoun. The case was tried before Simpson, J., who found in
favor of defendants. From an order denying a motion for a new
trial, plaintiff appealed. Affirmed.

*Frank M. Nye* and *Robert R. Odell*, for appellant.

*C. J. Rockwood*, for respondents.

LEWIS, J.

This appeal brings before us simply the question: Are certain
findings of fact sustained by the evidence, and is the conclusion
of law justified by the facts?

There is no ground for argument on any of the propositions in
this case. The dock claimed by appellant was a part of the shore
land to which it was attached, and was owned by McCrory. In
1886, the city of Minneapolis acquired the shore property, includ-
ing the dock, for parkway purposes. Appellant never had any
right to maintain boats upon this dock, or the shore, by virtue of
any contract with McCrory or the Lyndale Company, and what-
ever privileges he enjoyed after the city obtained title by con-
demnation were such as belonged to the public generally, or such
rights as he acquired by lease or license from the park board.
While appellant was entitled to the same privileges as were open
to the public in common, he could not assume exclusive control
for his own benefit, to the exclusion of the public, and if he
attempted so to do, by refusing access to others, the park board,

[1] Reported in 90 N. W. 10.

in the reasonable exercise of its duties in the preservation of public order and in securing to the public the common enjoyment of the park system, was authorized to remove the boats and appliances. The action of the board complained of was a reasonable exercise of its duty, and no damage of a substantial nature was shown as a result; nor was there any intention on the board's part to deprive appellant of the usual privileges accorded to all others.

From the facts found the conclusion follows that appellant has no cause of action.

Order affirmed.